UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Paul Van Almkerk

    v.                                                 Civil No. 05-cv-447-JD

Michael Thompson


**O R D E R**

Defendant moves for leave to file a third party complaint against Attitash Bear Peak Resort.  Plaintiff objects on the basis of futility.

Background

Plaintiff alleges that defendant is liable to him for injuries incurred in a collision between them while skiing at the Attitash Ski area.  Plaintiff alleges that defendant failed to yield at a narrow bridge intersection between two areas of the mountain.  Defendant alleges that Attitash has erected a dividing fence on the bridge from time to time and that it was negligent in not doing so at the time of the accident.  Defendant asserts that Attitash is immune from suit and, by inference, that it will be dismissed but that by being a party even for an instant it can be apportioned fault on jury verdict.

Discussion

Fed. R. Civ. P. 15(a) provides that motions to amend pleadings "shall be freely given when justice so requires." However, it is also clear that a motion to amend the pleadings must be denied where the amendment would be futile.  See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990). "If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6))."  Hatch v. Department for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001) (citations omitted).  Stated more simply, "(a) proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  Rose v. Hartford Underwriters Insurance Company, 203 F.3d 417, 420 (1st Cir. 2000) (citations omitted).

Defendant concedes that Attitash is not liable to skiers, including the plaintiff and defendant, for damages inherent in the sport of skiing.  See N.H. 225-A:24.  The New Hampshire Supreme Court does not phrase the statute in terms of immunity but rather that the ski area has no duty toward either party for

risks inherent in the sport of skiing.  <u>Nutbrown v. Mount Cranmore, Inc.</u>, 140 N.H. 675, 680 (1996).  In short, defendant cannot, and has not, stated a viable cause of action against Attitash.  The success of a 12(b)(6) motion is certain.  The motion (document no. 8) is futile and is denied.

    **SO ORDERED.**

                                 /s/ James R. Muirhead
                                 James R. Muirhead
                                 United States Magistrate Judge

Date: May 22, 2006

cc:    David J. Berg, Esq.
       Joseph M. Desmond, Esq.
       Timothy W. Tapply, Esq.